**Vernon David BLAKELY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38325.**

Court of Criminal Appeals of Texas.

June 2, 1965.

No attorney of record on appeal.

Henry Wade, Dist. Atty., Jim Zimmermann, Neil English and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is felony theft; the punishment, 4 years.

The witness Fry testified that he parked his 1964 Oldsmobile sedan at a parking lot near where he was working in the morning of May 20, 1964, and that upon his return to the lot in the afternoon it was missing. He stated that it was returned to him by the police on May 26, 1964, and that he found the spare tire, the jack, the hub caps and a volt tester were missing, and instead, he found therein two shirts and a pair of khaki pants which did not belong to him.

Mr. Witherspoon, the parking lot attendant, testified that appellant, who was not the man who had parked the automobile, came on his yard at 3:45 p. m. on May 20, got in the 1964 Oldsmobile and drove it over the curb without saying anything to him, and that on May 26, 1964, he identified appellant in a police lineup as being the man.

Patrolman Orsburn of the Dallas Police testified that in the morning of May 26, he stopped appellant for driving through a red light and ascertained from his stolen car record that the 1964 Oldsmobile was a stolen car, whereupon, he arrested appellant, who was the driver, and his companion, Tobar.

Tobar, testifying for appellant, stated that he met appellant in a bar in Fort Worth on the night of May 25, that they drank together there, and that after they arrived in Dallas, they met a colored man whose name he did not know and subsequently rented an automobile from an unknown colored couple for the night and were on the way to return the automobile at the time of the arrest.

Wanita Roth testified that appellant had spent some time in her apartment prior to

May 20, that she had laundered his clothes for him, and that the clothes identified by the witness Fry did not belong to appellant and that she had never seen him drive a 1964 Oldsmobile.

The jury resolved what conflict there was in the evidence against the appellant, and we find the evidence sufficient to support the conviction.

No formal bills of exception appear in the record, and our attention has not been called to any informal bills which reflect error.

The judgment is affirmed.